## MILLS *et al. v.* CAIRO BANKING COMPANY.

No. 9076. MARCH 4, 1933.

*W. V. Custer & Son,* for plaintiffs in error. *S. P. Cain,* contra.

ATKINSON, J. This was a suit for land, brought by Cairo Banking Company against R. J. Brinson and T. T. Mills. Facts were alleged which showed title in the plaintiff. In their answer the defendants denied that title was vested in the plaintiff, and averred

that "title to the land became vested in Mrs. Mittie Brinson" (wife of one of the defendants), and, after denying that R. J. Brinson had cultivated the land and claimed the right of possession under T. T. Mills, alleged that "the said T. T. Mills holds the legal title to said premises, and the said R. J. Brinson is in possession of the same under a rental contract from him." The plaintiff filed a replication alleging, that, under prior adjudications of courts of competent jurisdiction, Mrs. Brinson had no title to the land; that Mills claimed under Mrs. Brinson; that the only title or interest Mills held or claimed was by reason of the transfer of a bond for title by Mrs. Brinson to Mills; and that, in view of the prior adjudications, the bond for title vested no right or interest in Mrs. Brinson, and consequently no right or title could be transferred by her to Mills. The defendants demurred to this replication, upon the ground that it set forth no cause of action; and that the plaintiff was seeking to plead an adjudication of matters against a person who is not a party to the case, and to set up a new and distinct cause of action. This demurrer was overruled. The defendants excepted to that ruling, and to the court's direction of a verdict for the plaintiff.

There was no error in overruling the demurrer. Mrs. Brinson was not a party to the suit, and will not be affected by any judgment that may be rendered. The plaintiff, under the allegations of the petition, could have shown, if Mills had submitted evidence to show any apparent title in himself by reason of a transfer of a bond for title from Mrs. Brinson to himself, that Mrs. Brinson had no right, title, or interest that she could transfer, and thus have shown that Mills had no title as against the plaintiff. And the fact that the plaintiff made clear, by a replication, its title as against Mrs. Brinson did not make it incumbent upon the plaintiff to join Mrs. Brinson as a party. It was seeking to combat an outstanding title which the defendants apparently were seeking to set up. If the defendants had wished Mrs. Brinson to be made a party, they might have vouched her into court. This decides the only question argued in the brief of the plaintiffs in error.

*Judgment affirmed. All the Justices concur.*